OPINION OF THE COURT
Peter Lane, J.
Defendant is charged, pursuant to Vehicle and Traffic Law § 601, with leaving the scene of an injury to a 60-pound Labrador Retriever that resulted in the death of that animal. The accident happened about 2:00 a.m. while the dog and his owner were playing with a frisbee. Defendant, who was driving a cab, was responding to a call when he struck the dog and dragged the yelping animal some 250 to 300 yards. He neither stopped nor slowed, although the dog’s owner was running after him *400 shouting and waving his arms. Further, a neighbor testified that he was awakened by the sounds of the accident. After completing his call, the defendant was approached by the dog’s owner and the police at the taxi stand to which he had returned. He then said that he didn’t know he had hit anything and apologized to the owner.
Defendant testified that he was driving a large 4,500-pound Chevrolet Caprice, all the while listening to a Beach Boys cassette playing at a high volume. And while he was aware of the dog’s owner running behind him and waving his arms at him, he didn’t stop because he was responding to his call and, also, found the owner’s behavior frightening.
The threshold question — and one that appears to be of first impression in our state — is: whether or not section 601 requires that the prosecution establish scienter or knowledge on the part of a defendant before he may be found guilty. Defendant’s counsel argues that it does. More specifically, he argues that the Legislature would not have required any less than the standard set forth in section 600 (leaving the scene of a property or personal injury accident), which requires knowledge or “cause to know” on the part of a defendant charged thereunder. (Vehicle and Traffic Law § 600 [1] [a]; [2] [a].)
This court specifically finds otherwise. Sections 600 and 601 were both part of former Vehicle and Traffic Law § 70 (subdivisions [5-a] and [5-b] respectively). Both were later repealed by former section 2314. Further, section 600 (1) (a) specifically excepts damage to animals, an additional indication that both statutes were considered together by the Legislature. (Vehicle and Traffic Law § 600 [1] [a].) Section 601 itself makes it clear that its intent was to protect certain domestic animals without regard to knowledge or intent since it obligates the driver who strikes one not only to stop, but also to “endeavor to locate the owner or custodian of such animal or a police, peace or judicial officer of the vicinity, and take any other reasonable and appropriate action so that the animal may have necessary attention * * *” (Vehicle and Traffic Law § 601; emphasis added). It appears, then, that it is in incumbent upon a driver to exercise the degree of care necessary to avoid striking the animal in the first instance. (3 NY Jur, Animals § 134.) This statute, then, like most of the Vehicle and Traffic Law’s constraints upon the way we drive requires only that the driver do the prohibited act to establish his guilt, not that he knowingly do so. In this regard, a defendant who was unaware that he struck a protected animal is no better off than the defendant who failed *401 to see a stop sign or traffic light for whatever reason, including his inattention or inclement weather conditions.
Perhaps defendant’s counsel’s best argument is that when the Legislature amended section 601 and made the cat a protected species, it must have intended that knowledge or imputed knowledge on the part of the driver was necessary in order to gain a conviction. The simple answer to that argument, however, is that upon its revisiting the statute at that time, the Legislature had an opportunity to add such a requirement but opted not to do so.
The court also finds as a matter of fact that, under all of the circumstances herein, defendant had cause to know that he struck the animal.
Accordingly, the defendant is found guilty. He is fined $100 and a mandatory $30 surcharge is also assessed against him.